* Rev. 10/31/2022

**<u>PLEASE READ CAREFULLY.</u>**
**<u>Lead counsel is personally responsible for complying with this Order.</u>**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNNER, | ) | CASE NO.  4:23-CV-2180 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| OHIO SECRETARY OF STATE, *et al.*, | ) | **<u>TELEPHONIC CASE MANAGEMENT</u>** |
| | ) | **<u>CONFERENCE SCHEDULING ORDER</u>** |
| | ) | |
| Defendants. | ) | |

**DATE OF CONFERENCE:  <u>April 17, 2024 at 10:00 a.m.</u>**

<u>LEAD COUNSEL AND PARTIES MUST BE TELEPHONICALLY PRESENT
UNLESS EXCUSED BY THE COURT UPON WRITTEN MOTION</u>.

**ELECTRONIC FILING**

Counsel are advised that all documents, notices and orders in this matter shall be filed electronically rather than on paper, except as provided for in the Electronic Filing Policies and Procedures Manual, which governs electronic filing in the Northern District of Ohio and also provides helpful information on system requirements and usage.  The manual can be accessed online.[1]  Electronically filed documents should be in a text-searchable format.

Notice of filings are sent electronically.  It is the responsibility of each counsel of record to set up a user e-mail account to receive e-mail notification and to check that e-mail account on a regular basis.  Directions for setting up e-mail notification are at the following link:

**https://www.ohnd.uscourts.gov/electronic-filing**

If you have questions about electronic filing, please call any Northern District of Ohio Clerk's Office location or our CM/ECF Help Desk at 1-800-355-8498.

---

[1] **https://www.ohnd.uscourts.gov/local-civil-rules-appendices**

(4:23-CV-2180)

## DIFFERENTIATED CASE MANAGEMENT

This case is subject to the provisions of Differentiated Case Management (DCM) as generally set forth in the Local Rules of the Northern District of Ohio. The Court will evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2). At the Case Management Conference ("CMC"), the Court will decide, after discussion with counsel, whether or not to impose any specific limitations on discovery. All counsel are expected to familiarize themselves with the Local Rules as well as with the Federal Rules of Civil Procedure.

## SCHEDULING OF CASE MANAGEMENT CONFERENCE

All counsel and parties will take notice that the above-entitled action has been set for a Telephonic Case Management Conference ("CMC") on **April 17, 2024 at 10:00 a.m.** before Judge Benita Y. Pearson, Chambers 313, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio. **Counsel for Plaintiff shall set up the conference call and contact Chambers directly at (330) 884-7435, with all participants on the line.** The Court requires personal participation of parties at the Case Management Conference, even when the conference is telephonic.

LR 16.3(b) requires the attendance of both parties and lead counsel. "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the actual facts of the case. "Party" does not necessarily mean in-house counsel or someone who merely has "settlement authority." When a party is other than an individual or when a party's interests are being represented by an insurance company, an authorized representative of such party or insurance company, with full authority to settle, shall attend. Lead counsel who is primarily responsible for each party's case shall personally attend the CMC and shall be prepared and authorized to discuss all relevant issues, including settlement.

If the presence of a party or lead counsel will constitute an undue hardship or a continuance is needed, a written motion to excuse the presence of such person or to continue

2

(4:23-CV-2180)

must be filed no later than fourteen (14) days prior to the CMC.  Counsel are instructed to confer and agree on three proposed dates and include them in the motion for continuance.

## TRACK RECOMMENDATION

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends the following track:

_____ Expedited          __X__ Standard          _____ Administrative

_____ Complex            _____ Mass Tort        _____ Reserved for CMC

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.  (*See* Consent Package - Attachment No. 1)

## PREPARATION FOR CMC BY COUNSEL
### (Planning Conference under Fed. R. Civ. P. 26(f))

LR 16.3(b)(2) sets the general agenda for the CMC.  In all cases, including those exempted from initial disclosure by Fed. R. Civ. P. 26(a)(1)(B), counsel (or the party, if unrepresented) must confer prior to the CMC as required by Fed. R. Civ. P. 26(f).

The Rule 26(f) conference shall be completed by no later than twenty-one (21) days before the CMC.  The participation of parties represented by counsel is left to the discretion of their counsel.  The Court does not require the personal participation of the parties at this conference.

As part of their pre-CMC planning conference, counsel must determine whether there will be discovery of electronically stored information ("ESI") [E-discovery].  If counsel anticipates E-discovery, they must decide on a method for conducting such discovery or agree to abide by the default standard set forth in Appendix K to the Local Civil Rules (copy attached as Attachment No. 2).

(4:23-CV-2180)

The parties (through counsel or personally, if unrepresented) shall file a report on their discussion, including a proposed discovery plan, in a form substantially similar to Attachment No. 3, signed by all counsel and/or unrepresented parties and submit this report to the Court no later than five (5) days before the CMC.  *See* Attachment No. 4 for an example of an agreement regarding the handling of disclosed privileged material.

**Not later than fourteen (14) days before the CMC, Plaintiff(s) shall make a written demand with a description and monetary breakdown of the damages claimed.  Not later than seven (7) days before the CMC, Defendant(s) shall respond in writing with an offer (even if the response is that they will not make an offer at this time).  The fact that this has been done shall be noted in the Report of Parties' Planning Meeting.**

### DISCLOSURES UNDER FED. R. CIV. P. 26(a)

_____  1.  This is an ERISA case (Employee Retirement Income Security Act of 1974) and, as such, is not subject to disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(B).  Counsel shall instead familiarize themselves with the procedure set forth in *Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 619 (6th Cir. 1998)* (Gilman, J., concurring).


  X  2.  The disclosures mandated by Fed. R. Civ. P. 26(a) will all apply as set forth in that Rule.

Absent a showing of good cause, no later than fourteen (14) days before the CMC, each party must serve on an opposing party the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and must certify such service in writing to the Court by the same date.


_____  3.  Initial Discovery Protocols were entered in this case.  They are intended to supersede the parties' obligations to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

4

(4:23-CV-2180)

## TIMING OF DISCOVERY

The 2015 Amendments to the Federal Civil Rules relaxed the moratorium on discovery. It is no longer necessary to wait until the CMC to propound discovery requests.  Now, more than 21 days after the summons and complaint are served on a party, an "early" request under Rule 34 may be delivered.  Delivery does not count as service.  Rather, the Rule 34 request is considered to have been served at the first Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(2).  A party may not seek formal discovery from any source before the parties have met and conferred at a Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).

## FILING OF DISCOVERY MATERIALS
### (Fed. R. Civ. P. 5(d))

Unless otherwise ordered by the Court, disclosures under Fed. R. Civ. P. 26(a)(1) or (2) and the following discovery requests shall not be filed until they are used in the proceeding or this Court orders filing:  (1) depositions; (2) interrogatories; (3) requests for documents or to permit entry upon land; and (4) requests for admission.

If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.  In any event, discovery and disclosure material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

## DEPOSITION PRACTICE

The judges of the Northern District of Ohio have adopted LR 30.1 which governs the taking of depositions.  A copy of the rule is attached as Attachment No. 5.  Counsel are expected to comply with the rule in its entirety.

(4:23-CV-2180)

## MOTIONS TO DISMISS

This Court requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss. The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint.

Before a defendant may file a motion to dismiss, it must submit a written request to be dismissed to opposing counsel. Opposing counsel shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the defendant shall reassess its position and may file a motion to dismiss if the party believes it is still entitled to dismissal. The motion to dismiss must be accompanied by a statement certifying that this exchange has occurred.

## OTHER DIRECTIVES

In all cases in which it is anticipated that a party will seek attorney's fees pursuant to statutory or case-law authority, no later than five (5) days before the CMC, such party shall submit to the Court by emailing judy_guyer@ohnd.uscourts.gov and cc'ing all other parties a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim. Such estimate shall include, but not be limited to, the following:

| Attorney's Fees | | Costs | |
|---|---|---|---|
| Preliminary Investigations & Filing of Complaint | $ _____ | Depositions | $ _____ |
| Procedural Motions Practice | $ _____ | Experts | $ _____ |
| Discovery | $ _____ | Witness Fees | $ _____ |
| Dispositive Motions Practice | $ _____ | Other | $ _____ |
| Settlement Negotiations | $ _____ | | |
| Trial | $ _____ | | |
| **TOTAL FEES** | $ _____ | **TOTAL COSTS** | $ _____ |

(4:23-CV-2180)

### RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.

IT IS SO ORDERED.

___February 28, 2024___                      /s/ *Benita Y. Pearson*
Date                                                   Benita Y. Pearson
                                                         United States District Judge