**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER BRUNNER,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **Case No. 4:23-CV-2180** |
| **v.** | : | |
| | : | **JUDGE BENITA Y. PEARSON** |
| **FRANK LaROSE, et al.,** | : | |
| | : | |
| *Defendants,* | : | |

---

**REPLY IN SUPPORT OF MOTION TO DISMISS**

---

DAVE YOST (0056290)
Ohio Attorney General

ANN YACKSHAW (0090623)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
STEPHEN P. TABATOWSKI (0099175)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov

*Counsel for Defendants*
*Ohio Secretary of State, Office of Disciplinary*
*Counsel, and Board of Professional Conduct*

## <u>TABLE OF CONTENTS</u>

Table of Authorities .............................................................................................................. iii

**1.**   Justice Brunner cannot use her memorandum in opposition to amend her
complaint and fix its fatal flaws. ................................................................................. 1

**2.**   Justice Brunner's claims are not ripe. .......................................................................... 3

**3.**   The Eleventh Amendment bars nearly all of Justice Brunner's claims. ............................ 5

**4.**   Justice Brunner's complaint fails to state a claim upon which relief can be
granted. ....................................................................................................................... 9

    a.   Justice Brunner's First Amendment claim does not contain
allegations respecting all material elements necessary for recovery
and must be dismissed. ........................................................................... 10

    b.   Justice Brunner's equal protection claim does not contain
allegations respecting all material elements necessary for recovery
and must be dismissed. ........................................................................... 13

**5.**   Justice Brunner's request for an amendment does not constitute a motion
to amend under Rule 15. ............................................................................................ 14

Conclusion ......................................................................................................................... 15

Certificate of Service ......................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                      **Page(s)**

*Bates v. Green Farms Condo. Ass'n*,
   958 F.3d 470 (6th Cir. 2020) ................................................................................. 1, 2, 11

*Carey v. Wolnitzek*,
   614 F.3d 189 (6th Cir. 2010) ..................................................................................... 4, 5

*CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement*
   *Workers of Am.*,
   645 F.3d 785 (6th Cir. 2011) .......................................................................................... 15

*Crosby v. Twitter, Inc.*,
   921 F.3d 617 (6th Cir. 2019) .......................................................................................... 14

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
   648 F.3d 365 (6th Cir. 2011) .................................................................................... 9, 13

*Ohio ex rel. Desmond v. City of Lyndhurst*,
   No. 1:05-cv-1108, 2005 U.S. Dist. LEXIS 57319 (N.D.Ohio Jan. 6, 2006) ..................... 10

*Doe v. DeWine*,
   910 F.3d 842 (6th Cir. 2018) ........................................................................................... 8

*Goryoka v. Quicken Loan, Inc.*,
   519 F. App'x 926 (6th Cir. 2013) .................................................................................. 10

*Hardwick v. 3M Co.*,
   87 F.4th 315 (6th Cir. 2023) .......................................................................................... 13

*Hill v. Ohio State Univ. T&L*,
   No. 2:12-cv-984, 2013 U.S. Dist. LEXIS 75384 (S.D. Ohio May 29, 2013) .......... 1, 11, 14

*Justice v. Petersen*,
   No. 21-5848, 2022 U.S. App. LEXIS 16888 (6th Cir. 2022)...................................... 14, 15

*Kreipke v. Wayne State Univ.*,
   807 F.3d 768 (6th Cir. 2015) ..................................................................................... 9, 11

*Leeper v. HealthScope Ben.*,
   No. 2:19-cv-5401, 2020 U.S. Dist. LEXIS 47118 (S.D. Ohio Mar. 18,
   2020).......................................................................................................... 1, 11, 12, 14

*Lewis v. Craft*,
   No. 94-5322, 1995 U.S. App. LEXIS 36199 (6th Cir. Sept. 19, 1995)............................. 12

iii

**Cases**          **Page(s)**

*Marshall v. Wayne Cty.*,
   No. 20-1959, 2021 U.S. App. LEXIS 25410 (6th Cir. Aug. 24, 2021) ............................ 6

*McConnell v. FEC*,
   540 U.S. 93 (2003) ............................................................................................... 5

*McKay v. Federspiel*,
   823 F.3d 862 (6th Cir. 2016) ............................................................................... 5

*McNeil v. Cmty. Prob. Servs., LLC*,
   945 F.3d 991 (6th Cir. 2019) ............................................................................... 9

*Ohio Democratic Party v. Husted*,
   834 F.3d 620 (6th Cir. 2016) ............................................................................. 11

*Platt v. Bd. of Comm'rs on Grievs. & Discipline of the Ohio Supreme Court*,
   769 F.3d 447 (6th Cir. 2014) (*Platt I*) ............................................................. 3, 4

*Platt v. Bd. of Comm'rs on Grievs. & Discipline of the Ohio Supreme Ct.*,
   894 F.3d 235 (6th Cir. 2018) (*Platt III*) ............................................................. 4

*Russell v. Lundergan-Grimes*,
   784 F.3d 1037 (6th Cir. 2015) ............................................................................. 8

*Thiede v. Burcroff*,
   No. 16-13650, 2018 U.S. Dist. LEXIS 7945 (E.D. Mich. Jan. 18, 2018) .................... 4, 5

*Ullmo v. Ohio Tpk. & Infrastructure Comm'n*,
   126 F. Supp. 3d 910 (N.D.Ohio 2015) ............................................................. 10

**Statute**          **Page(s)**

Ohio Rev. Code § 109.02 ................................................................................ 7

**Other Authorities**          **Page(s)**

Civil Rule 12(b)(6) .......................................................................................... 10

Civil Rule 8(a)(2) ............................................................................................ 13

Ohio Code of Judicial Conduct Rule 4.1(A)(6) ...................................... *passim*

U.S. Const., First Amendment ............................................................... *passim*

iv

Justice Brunner's memorandum in opposition to the motion to dismiss of Secretary of State Frank LaRose, the Office of Disciplinary Counsel, and the Board of Professional Conduct does nothing to remedy the complaint's numerous fatal flaws. Instead, Justice Brunner uses her memorandum in opposition to supply facts omitted from her complaint, to urge the Court to substitute allegedly non-immune parties for immune parties, and if all that fails, to give her another crack at drafting a legally sufficient complaint. These efforts are all a distraction from the Court's project here: whether the facts alleged in the complaint—and those facts alone—survive Defendants' motion to dismiss. The complaint falls well short.

**1. Justice Brunner cannot use her memorandum in opposition to amend her complaint and fix its fatal flaws.**

It is black-letter law that a district court may consider only a complaint's factual allegations—and not outside evidence—when deciding a motion to dismiss under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). As a result, plaintiffs cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.*; *Leeper v. HealthScope Ben.*, No. 2:19-cv-5401, 2020 U.S. Dist. LEXIS 47118, at *29 (S.D. Ohio Mar. 18, 2020) (collecting cases in support of this "basic principle") (citations omitted); *Hill v. Ohio State Univ. T&L*, No. 2:12-cv-984, 2013 U.S. Dist. LEXIS 75384 (S.D. Ohio May 29, 2013). These basic pleading rules foreclose Justice Brunner's attempts to save her fatally flawed complaint by doing just that.

First, citing to paragraph nine of her complaint, Justice Brunner argues that she is subject to the provisions of Ohio's Code of Judicial Conduct "… as a candidate who has established a campaign committee under state law for judicial office." Memo. in Opp., Doc. No. 18 at PageID 202. But nowhere in paragraph nine—nor in the rest of her complaint—does Justice Brunner allege that she has established a campaign committee. Compl. at ¶ 9, Doc. No. 1 at PageID 3.

1

Next, Justice Brunner argues that her claim is ripe because "her future plans to run for reelection are already implicated by the combination of a partisan ballot designation and the restrictions of the Code." Memo. in Opp., Doc. No. 18 at PageID 204. Again, this is not alleged in the complaint, and the paragraphs to which Justice Brunner cites (22, 25, and 29) offer no support for the conclusion that the Code of Judicial Conduct or S.B. 80 already "implicate[s]" her putative reelection campaign. Quite the opposite: in paragraph 25, Justice Brunner alleges that *if* she decides to campaign for reelection—the only campaign allegedly implicated by S.B. 80 and the Code of Judicial Conduct—campaign activities *will not begin until 2025*. Compl. at ¶ 25, Doc. No. 1 at PageID 8. In other words, Justice Brunner now argues that S.B. 80 and the Code "implicate" her "future plans to run for reelection" in some nebulous way—one which she did not bother to describe or allege in her complaint.

Finally, Justice Brunner argues—without citation to any allegation in her complaint—that S.B. 80 treats candidates for non-judicial office, candidates for trial court judicial offices, and candidates for Supreme Court of Ohio and appellate judicial offices differently. Memo. in Opp., Doc. No. 18 at PageID 214-15. Relatedly, she also claims—again, without reference to any allegation in her complaint—that this disparate treatment infringes upon her First Amendment rights. *Id.* As explained below, she does so in a last-ditch effort to save her complaint from dismissal.

These efforts are unavailing because binding precedent forecloses Justice Brunner from using her memorandum in opposition as a backdoor to amend her complaint. *Bates*, 958 F.3d at 483. The Court must consider only those allegations contained within the four corners of her complaint in deciding Defendants' motion. And, for the reasons set forth in Defendants' motion

2

to dismiss and those that follow, those allegations are not sufficient for her complaint to survive dismissal.

**2. Justice Brunner's claims are not ripe.**

One reason for Justice Brunner's newly alleged facts is quickly made clear: the formation of her campaign committee, she argues, renders her a "judicial candidate" under the Code of Judicial Conduct. Memo in Opp., Doc. No. 18 at PageID 204. This allows her to point to *Platt v. Bd. of Comm'rs on Grievs. & Discipline of the Ohio Supreme Court*, 769 F.3d 447 (6th Cir. 2014) (*Platt I*), in support of her argument that her claims are ripe. In *Platt I*, the Sixth Circuit reasoned that a judicial candidate, who alleged his campaign committee remained in place, sufficiently alleged a "desire[] to engage in free speech … that violates the Code [of Judicial Conduct,]" and, in turn, sufficiently alleged an injury in fact that would supply standing. 769 F.3d at 452.

But Justice Brunner cannot use her memorandum in opposition to insert new facts that make *Platt I* apposite. And, regardless, *Platt I* is inapplicable because, despite her newly asserted facts, Justice Brunner ultimately confirms in her memorandum what she alleged in her complaint—only that she "*may* run for reelection." Memo. in Opp., Doc. No. 18 at PageID 202 (emphasis added). In contrast, Mr. Platt showed that he "wish[ed] to run for judicial office." *Platt I*, 769 F.3d at 450. Justice Brunner expressly alleged that she may well *not* run for judicial office. Compl. at ¶ 21, Doc. No. 1 at PageID 7. The *Platt I* court further noted that Platt alleged his committee remained in place and he "could begin campaigning today." *Platt I*, 769 F.3d at 452. Here, Justice Brunner alleged that activities connected with a potential reelection campaign will not begin until "mid- to late-2025"—that is, *if* she decides to run for judicial office at all. Compl. at ¶ 20, Doc. No. 1 at PageID 6-7. Given these facts, Justice Brunner cannot rely on *Platt I*.

3

For these same reasons, *Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010), is of no moment. As the Michigan Eastern District Court noted, "[i]n each of those cases, the plaintiffs established that they planned on engaging in conduct directly prohibited by the various statutes at issue." *Thiede v. Burcroff*, No. 16-13650, 2018 U.S. Dist. LEXIS 7945, at *39 (E.D. Mich. Jan. 18, 2018). There, the plaintiffs "alleged that they wanted, as judicial candidates, to engage in conduct directly proscribed by the statute." *Id*. at *40. As shown, Justice Brunner has not.

Moreover, as Justice Brunner admits, the propositions she pulls from the cases cited in her memorandum in opposition are concerned with *mootness*—not ripeness. Memo. in Opp., Doc. 18 at PageID 206 (citing *Platt v. Bd. of Comm'rs on Grievs. & Discipline of the Ohio Supreme Ct.*, 894 F.3d 235, 243 (6th Cir. 2018) (*Platt III*) and *Carey*, 614 F.3d at 197). The mootness exception applied in those cases—where an alleged injury is "capable of repetition, yet evading review"—is not an exception to ripeness. Put another way, neither *Carey* nor *Platt III* tells us that a candidate's claim is ripe because she "retain[s] the right to run for judicial office[,]" but that a claim is not moot for that reason. *Carey*, 614 F.3d at 197. In contrast, and unlike in this case, the claims in *Carey* were *ripe* because the plaintiff claimed an interest in engaging in speech that violated the Kentucky Code of Judicial Conduct "in future judicial elections[.]" *Id*. at 196. The same distinction is made in the *Platt* cases. *Platt I*, 769 F.3d at 450; *Platt III*, 894 F.3d at 243.

That distinction is important here. The standard for whether Justice Brunner's claims are *ripe* is different from whether they are *moot*. As she notes, the ripeness standard asks whether she sufficiently alleges (1) an intention to engage in a course of conduct implicating the constitution, and (2) a credible threat of enforcement of the challenged law. Memo. in Opp., Doc. No 18 at PageID 204 (quoting *Platt I*, 769 F.3d at 451). She further concedes that, to meet this standard, she must allege facts showing a "substantial probability" that her injury will occur. *Id.* at PageID 205-

4

06 (quoting *McKay v. Federspiel*, 823 F.3d 862, 867 (6th Cir. 2016) (citation omitted)). She has not, and her claims therefore fail for ripeness.

Unlike in *Platt I* and *Carey*, Justice Brunner alleged only that she may—or may not—run for reelection in mid-to-late 2025. Compl. at ¶ 20, Doc. No. 1 at PageID 6-7. Even construing the allegations in her favor, she alleged, at best, a fifty-fifty chance she will run for a judicial office and be subject to S.B. 80 and the Code of Judicial Conduct during that potential campaign. A fifty-percent chance is not a "substantial probability." *McKay*, 823 F.3d at 867. Nor does it make any threatened injury close to "certainly impending." *McConnell v. FEC*, 540 U.S. 93, 226 (2003). Instead, Justice Brunner's "allegations of subjective chill, without more, do not render enforcement" of the Code of Judicial Conduct "sufficiently imminent to confer standing." *Thiede*, 2018 U.S. Dist. LEXIS 7945 at *40.

Justice Brunner's claims are not ripe, and she lacks standing as a result. Defendants' motion to dismiss should be granted on this basis alone.

**3.  The Eleventh Amendment bars nearly all of Justice Brunner's claims.**

Justice Brunner similarly attempts to overcome the Defendants' immunity by relying on facts outside the complaint. This, too, is futile and improper.

To begin, Justice Brunner all but concedes that her claims against Disciplinary Counsel and the Board fail on immunity grounds because she sued the state entities, rather than the state officials. *See* Memo. in Opp., Doc. No. 18 at PageID 207, n.2.[1] Yet, she claims that dismissal is not the appropriate result for her pleading failures. *Id.* Instead, she claims that the Court should

---

[1] Relatedly, Plaintiff does not address the argument that Secretary LaRose is entitled to immunity as to any claim related to the challenged portions of the Code of Judicial Conduct. There are simply no allegations in the complaint that Secretary LaRose has *any* connection to the Code of Judicial Conduct and, thus, is entitled to Eleventh Amendment Immunity as to those claims.

5

substitute the respective state officials, Joseph Caligiuri and Rick Dove, for Disciplinary Counsel and the Board. *Id.* But, as stated previously, Justice Brunner cannot amend her complaint via her memorandum in opposition. *See supra* at p. 1-2. And as explained more fully in section 5 *infra*, a cursory request to amend contained within a memorandum in opposition does not constitute a motion for leave to amend under Rule 15. But in any event, merely substituting the state officials for the state entities would not cure the complaint's deficiencies. Thus, dismissal remains appropriate. *See Marshall v. Wayne Cty.*, No. 20-1959, 2021 U.S. App. LEXIS 25410, at *5 (6th Cir. Aug. 24, 2021) (stating that amendment is not appropriate if futile).

Even if Justice Brunner sued the state officials, the sole issue as it relates to Eleventh Amendment Immunity is whether she sufficiently alleged *Ex parte Young* claims against them— she has not. In her memorandum in opposition, Justice Brunner relies on Disciplinary Counsel and the Board's *general* enforcement authority over violations of the Code of Judicial Conduct and the Ohio Rules of Professional Conduct. *Id.* at PageID 208-09. But this reliance is unavailing for multiple reasons. First and foremost, Justice Brunner did not allege any constitutional violation in her capacity as a judge or an attorney. Rather, her *entire* case revolves around her judicial candidacy for a seat on the Supreme Court of Ohio, which is referenced countless times throughout the complaint. *See, e.g.*, Compl. at ¶ 20, Doc. No. 1 at PageID 7 ("Plaintiff must decide whether to run for reelection, which she is eligible to do, or to run for a nonjudicial office."); *id.* at PageID 9 ("Judicial candidates such as the Plaintiff . . ."). This is further reflected in her prayer for relief wherein she only seeks relief related to her capacity as a judicial candidate. *Id.* at PageID 15 ("For an order restraining and enjoining . . . the Defendants, from enforcing or ordering to be placed on the general election ballot in 2024 and thereafter the political party designations for *judicial candidates* . . . . For an order restraining and enjoining the State of Ohio and the Defendants from

requiring compliance with certain restrictions on *judicial candidates . . .*") (emphasis added). In other words, Justice Brunner's complaint seeks relief solely in connection with a judicial candidacy.[2] She cannot amend her complaint by way of her memorandum in opposition, and none of what Justice Brunner is saying in her memorandum is included in her complaint. This, in turn, leads to the next issue with her argument.

Because Justice Brunner's claims are limited to her capacity as a judicial candidate for the Supreme Court of Ohio[3], any violation of the Code of Judicial Conduct would be governed by the process described in Section 6 of Rule II of the Rules for the Government of the Judiciary of Ohio. Ohio Gov. Jud. R. II(6) ("A grievance that alleges a violation by a judicial candidate for the Supreme Court of Canon 4 of the Code of Judicial Conduct during the course of a campaign for judicial office shall be brought, conducted, and disposed of in accordance with this section."). As stated in more detail in Defendants' motion to dismiss, Disciplinary Counsel plays no role in the Section 6 process, and the Director of the Board only has minimal, clerical, and ministerial roles in the process. Mot. to Dismiss, Doc. No. 12 at PageID 165-66. There is simply not a sufficient connection between Disciplinary Counsel or the Board (or their respective officials) and the enforcement authority laid out in Section 6 to bring them within a properly pleaded *Ex parte Young* claim. That authority is given to the grievant (prosecutor), the Chief Justice of the Court of Appeals

---

[2] Justice Brunner's memorandum cites to her current position as a Justice of the Supreme Court of Ohio. Clearly, the Justice is not seeking to bring this challenge in her official capacity, as the Ohio Attorney General's Office has the sole, statutory authority to represent state offices and officials, including justices on the Supreme Court of Ohio, in such proceedings. Ohio Rev. Code § 109.02 ("The attorney general is the chief law officer for the state and all its departments[,]" and "no state officer or board, or head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law.").

[3] In her complaint, Justice Brunner only alleges that she might seek re-election or run for a non-judicial office. Comp., ECF No. 1, PageID # 7, ¶ 20 ("Plaintiff must decide whether to run for reelection, which she is eligible to do, or to run for a nonjudicial office"). If it is the latter, then the Code of Judicial Conduct will not apply.

(reviews the grievance), special disciplinary counsel appointed by the Chief Justice (prosecutor, which explicitly excludes Disciplinary Counsel and the Board from being appointed), the three-member review panel (probable cause determination), hearing panel (issues report and recommendation as to violations/punishment), the five-judge commission (reviews the hearing panel's report and recommendation), and the 13-judge adjudicatory panel (reviews any appeal). Ohio Gov. Jud. R. II(6)(A)-(D). Absent any enforcement authority, an *Ex parte Young* claim is not sufficiently pleaded against Disciplinary Counsel or the Board (or the respective officials of both entities).

None of the cases cited by Justice Brunner establish a sufficient connection between Disciplinary Counsel or the Board and Section 6. In *Doe v. DeWine*, 910 F.3d 842 (6th Cir. 2018), which involved a challenge to Ohio's law related to sexual offender registration, the Sixth Circuit found that the Ohio Attorney General and the Superintendent for the Ohio Bureau of Investigation and Identification were not entitled to Eleventh Amendment Immunity, even though they lacked any direct enforcement authority over the statute. *Id.* at 849. Relying on its previous decision in *Russell v. Lundergan-Grimes*, 784 F.3d 1037 (6th Cir. 2015), the Court found that the Attorney General and Superintendent "promulgate regulations implementing the sex-offender registration requirements; operate the state-wide sex-offender database; and send and structure community notifications that alert citizens to the proximity of registered offenders." *Doe*, 910 F.3d at 849 (citing Ohio Rev. Code § 2950.13 (2014)). But these duties far exceed the duties of the Director of the Board under Section 6. Under Section 6, the Director of the Board merely sits as a pseudo-clerk, who is responsible for things such as handing any grievance to the Chief Justice of the Court of Appeals. This duty is not the same as promulgating regulations, operating a state-wide database, or structuring a state-wide community notification system.

8

Similarly, in *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991 (6th Cir. 2019), which involved a challenge to Tennessee's bail law, a county sheriff was not entitled to Eleventh Amendment Immunity because he was directly connected to the enforcement of the bail law, a fact the sheriff never disputed. Rather, his main argument was that the plaintiffs sued the wrong officials and that they should have sued the judges that set the bail. *Id.* at 993. Thus, this case is easily distinguishable because there was no dispute that the sheriff possessed clear enforcement authority, whereas, here, neither Disciplinary Counsel nor the Board (nor the respective officials of both entities) has *any enforcement authority* under Section 6. Finally, *Platt I* is of no use here as that case did not even mention Eleventh Amendment Immunity and is primarily cited to support Justice Brunner's argument that Disciplinary Counsel and the Board have general enforcement authority over judges and attorneys in Ohio. *See* Memo. in Opp., Doc. No. 18 at PageID 209.

Simply put, based on the facts alleged in her complaint, Justice Brunner has not sufficiently alleged an *Ex parte Young* claim against either Disciplinary Counsel or the Board, and her claims against them should be dismissed. For those same reasons, Secretary LaRose is entitled to immunity as to any claim brought against him challenging any provisions of the Code of Judicial Conduct.

**4.  Justice Brunner's complaint fails to state a claim upon which relief can be granted.**

Justice Brunner's complaint should be dismissed for another reason: it wholly failed to meet basic pleading standards. As stated in Defendants' motion to dismiss, a complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory," *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015), and enough factual content such that the court may reasonably infer that the defendant is liable for the misconduct alleged. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365,

369 (6th Cir. 2011).[4] But Justice Brunner's complaint lacked allegations on key elements of her First Amendment, procedural due process, substantive due process, and equal protection claims.

Perhaps recognizing the defects in her pleading, Justice Brunner attempts to supplement her complaint by way of her opposition brief, adding factual allegations to her First Amendment and equal protection claims and providing the legal scaffolding for her First Amendment claim. Justice Brunner's opposition is silent, however, on her procedural due process and substantive due process claims. Because she has abandoned these claims, the Court should dismiss them. *See, e.g.*, *Ullmo v. Ohio Tpk. & Infrastructure Comm'n*, 126 F. Supp. 3d 910, 919 (N.D.Ohio 2015) ("In her opposition brief, Plaintiff entirely fails to address this argument. Thus, based upon Plaintiff's failure to respond to this argument, Plaintiff is deemed to have abandoned this claim."). Likewise, Justice Brunner did not respond to Defendants' arguments that her declaratory judgment claim fails for the same reasons as her substantive claims, *Ohio ex rel. Desmond v. City of Lyndhurst*, No. 1:05-cv-1108, 2005 U.S. Dist. LEXIS 57319, at *16-17 (N.D.Ohio Jan. 6, 2006), and that equitable relief is a remedy, not a cause of action. *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013). These claims, too, should be dismissed. This leaves Justice Brunner's claims under the First Amendment and the equal protection clause. As explained below, these claims should be dismissed as well.

> **a. Justice Brunner's First Amendment claim does not contain allegations respecting all material elements necessary for recovery and must be dismissed.**

In response to Defendants' motion to dismiss, Justice Brunner does not even attempt to argue that the allegations in her complaint suffice to state a claim under the First Amendment.

---

[4] Justice Brunner accuses Defendants of citing a sole district court for the incorrect standard for a motion to dismiss under Rule 12(b)(6). Memo. in Opp., Doc. No. 18 at PageID 210. Defendants' motion, which cites multiple controlling Sixth Circuit cases setting forth the standard, easily disproves Justice Brunner's accusation. *See* Mot. to Dismiss, Doc. No. 12 at PageID 167.

Instead, she uses her opposition brief to flesh out two First Amendment claims: (1) that S.B. 80 fails the *Anderson-Burdick* balancing test and (2) that S.B. 80, in conjunction with Rule 4.1(A)(6) of the Code of Judicial Conduct, compels her to express views with which she may disagree. The problem, of course, is that her complaint included no allegations supporting either claim, and Justice Brunner cannot use her opposition brief to add facts to her complaint. *See Bates*, 958 F.3d at 483; *Leeper*, 2020 U.S. Dist. LEXIS 47118 at *29-30; *Hill*, 2013 U.S. Dist. LEXIS 75384 at *11-12.

As to the *Anderson-Burdick* claim, Justice Brunner's complaint does not include "direct or inferential allegations respecting all material elements necessary for recovery." *Kreipke*, 807 F.3d at 774. Under Sixth Circuit precedent:

> The *Anderson-Burdick* framework involves the following considerations: [T]he court must first consider the character and magnitude of the asserted injury to the rights protected by the [Constitution] that the plaintiff seeks to vindicate. Second, it must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. Finally, it must determine the legitimacy and strength of each of those interests and consider the extent to which those interests make it necessary to burden the plaintiff's rights.

*Ohio Democratic Party v. Husted*, 834 F.3d 620, 626-27 (6th Cir. 2016). The complaint simply alleges no facts as to the "character and magnitude of the asserted injury to the rights protected by the [Constitution] that [she] seeks to vindicate." *Id*. Justice Brunner alleges that she "is guaranteed the exercise of free speech under the First Amendment of the United States Constitution." Compl. at ¶ 29, Doc. No. 1 at PageID 9. But this is a legal conclusion. There are no *facts* in her complaint alleging that S.B. 80 burdens her First Amendment rights. The complaint does not allege any statement she is prohibited from making, any issue she is prevented from supporting, any association she is prevented from making, any ballot she is prevented from accessing, any elected

11

position she cannot seek, or any similar fact showing that S.B. 80 burdens her in any way.[5] Without these allegations, her claim against S.B. 80 under the *Anderson-Burdick* framework fails as a matter of law.

Similarly, the compelled-speech claim articulated in Justice Brunner's opposition brief appears nowhere in her complaint. To begin, the complaint never mentions Rule 4.1(A)(6) of the Code of Judicial Conduct or notifies Defendants that Justice Brunner intended to challenge Rule 4.1(A)(6) as an unconstitutional restriction on her speech. Nor does the complaint include any facts alleging that Rule 4.1(A)(6) or S.B. 80 would compel her to express certain views. For example, Justice Brunner's complaint does not allege that she disagrees with a particular viewpoint of the Democratic Party. *Compare* Compl., Doc. No. 1, *with* Memo. in Opp., Doc. No. 18 at PageID 214. Nor does the complaint include an allegation that appearing on the ballot as a candidate of the Democratic Party would associate her with that viewpoint. *See id.* That Justice Brunner included these allegations for the first time in her opposition brief does not suffice to state a claim for compelled speech. A motion to dismiss "tests the sufficiency of the complaint, not additional facts that are set forth in response to a motion to dismiss." *Leeper*, 2020 U.S. Dist. LEXIS 47118 at *29. Justice Brunner's complaint does not state a claim for compelled speech.

Justice Brunner's memorandum in opposition throws the complaint's failings into sharp focus. In her opposition brief, she outlines two specific types of First Amendment claims and the facts that she alleges to support those claims. Had Justice Brunner's complaint included such allegations, the parties could perhaps have litigated the merits of her claims. But the opposition is

---

[5] Justice Brunner alleges that S.B. 80 caused her to lose the 2022 election for Chief Justice of the Supreme Court of Ohio. But there is no First Amendment right to win an election, so this factual allegation does not save her First Amendment claim. *Lewis v. Craft*, No. 94-5322, 1995 U.S. App. LEXIS 36199, at *12 (6th Cir. Sept. 19, 1995).

not the complaint. And the complaint still leaves Defendants unsure of the nature of her claim and the grounds upon which it rests. *See Hardwick v. 3M Co.*, 87 F.4th 315, 320 (6th Cir. 2023) ("Civil Rule 8(a)(2) requires a plaintiff to allege facts providing not only fair notice of the nature of the claim, but also grounds upon which the claim rests." (quotation marks omitted)). Does Justice Brunner intend to advance the *Anderson-Burdick* claim and the compelled-speech claim only? Or does her First Amendment claim encompass additional challenges with other facts? Is Rule 4.1(A)(6) the only portion of the Code of Judicial Conduct that Justice Brunner challenges under the First Amendment?[6] Or does her complaint seek to invalidate other portions of the Code as unconstitutional under the First Amendment? Under federal pleading standards, the complaint must answer these questions. *Hardwick*, 87 F.4th at 320. Because the First Amendment claim articulated in the complaint does not do so, it must be dismissed.

### b. Justice Brunner's equal protection claim does not contain allegations respecting all material elements necessary for recovery and must be dismissed.

To state an equal protection claim, Justice Brunner must plead that the government treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Defendants pointed out in their motion to dismiss that Justice Brunner's complaint failed to plead disparate treatment *and* failed to plead that the disparate treatment burdened a fundamental right, targeted a suspect class, or had no rational basis.

---

[6] Nowhere in Justice Brunner's complaint or opposition brief does she identify by name or number the provisions of the Code of Judicial Conduct she contends violate the First Amendment. Nor did Justice Brunner respond to Defendants' argument that her failure to identify the challenged Code sections justifies dismissal. In short, Defendants remain in the untenable position of determining which portions of the Code of Judicial Conduct are challenged in this litigation. Under federal pleading standards, Justice Brunner must give Defendants fair notice of the rules and statutes challenged in her complaint, and she fails to do so.

In her opposition brief, Justice Brunner supplies the missing elements of an equal protection claim. She argues that S.B. 80 treats candidates for non-judicial office, candidates for trial court judicial offices, and candidates for Supreme Court of Ohio and appellate judicial offices differently. Memo. in Opp., Doc. No. 18 at PageID 214-15. And she further alleges that this disparate treatment infringes upon Justice Brunner's First Amendment rights. *Id.* The memorandum in opposition does not cite any particular paragraph in the complaint where these allegations appear, and for good reason. They are not in her complaint. Again, Justice Brunner seeks to amend her complaint through her opposition to Defendants' motion to dismiss, which she cannot do. *Leeper*, 2020 U.S. Dist. LEXIS 47118 at *29 ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Hill*, 2013 U.S. Dist. LEXIS 75384 at *11 ("A plaintiff cannot salvage an insufficient complaint by attempting *de facto* amendment of that pleading via a response brief to a motion to dismiss."). Justice Brunner is stuck with her complaint, and it does not state an equal protection claim.[7]

**5. Justice Brunner's request for an amendment does not constitute a motion to amend under Rule 15.**

At the end of her opposition, Justice Brunner urges the Court to afford her leave to amend the complaint "[s]hould the Court find that the Complaint does not provide sufficient notice of its claims or theories." Memo. in Opp., Doc. No. 18 at PageID 217. This request does not constitute a motion for leave to amend under Rule 15, and the Court need not grant it on the current record.

Under Sixth Circuit precedent, a "bare request for amendment in an opposition to a motion to dismiss does not constitute a motion to amend." *Justice v. Petersen*, No. 21-5848, 2022 U.S. App. LEXIS 16888, at *7 (6th Cir. 2022); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 629 (6th Cir.

---

[7] Nowhere in Justice Brunner's complaint or memorandum in opposition does she identify by name or number the provisions of the Code of Judicial Conduct she contends violate the equal protection clause. For the reasons set forth in footnote 5 *supra*, this also justifies dismissal.

14

2019) (finding same). Rather, a plaintiff seeking to file an amended complaint should specifically move to file an amended complaint under Rule 15 and/or file a proposed amended complaint. *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 645 F.3d 785, 795 (6th Cir. 2011) ("[I]f a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."). At the very least, a plaintiff should explain *how* an amended complaint would resolve the pleading issues identified by defendants. *Justice*, 2022 U.S. App. LEXIS 16888 at *8.

Here, Justice Brunner did not move for leave to file an amended complaint. She did not file a proposed amended complaint setting forth the factual and legal bases for her First Amendment and equal protection claims and clearly identifying the portions of the Code of Judicial Conduct she seeks to challenge. She did not even explain in her opposition *how* an amended complaint would address these issues. Neither Defendants nor the Court are required "to engage in a guessing game" regarding how Justice Brunner might fix these errors in an amended complaint. *Id.* at *8. The Court should not grant Justice Brunner's request to amend her complaint without such a showing.

## CONCLUSION

For these reasons and for the reasons set forth in their motion to dismiss, Defendants request that this Court grant their motion to dismiss and dismiss Justice Brunner's complaint.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*

ANN YACKSHAW (0090623)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
STEPHEN TABATOWSKI (0099175)

15

Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendants*
*Ohio Secretary of State, Office of Disciplinary*
*Counsel, Board of Professional Conduct*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Ohio Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to a track. This memorandum complies with the page limitations for unassigned cases.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General