PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNNER, | ) | |
| | ) | CASE NO.  4:23-CV-2180 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRANK LaROSE, *et al*., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 12, 23] |

Before the Court is Plaintiff's Motion for Leave to file First Amended Complaint (ECF No. 23).  Defendants filed a Response in Opposition (ECF No. 24), and Plaintiff filed a Reply in Support (ECF No. 27).  After considering the applicable filings and case law, the Court grants Plaintiff's Motion for Leave to file First Amended Complaint.

### I.  Background

Plaintiff brought the instant action in November of 2023.  *See* ECF No. 1.  Defendants filed a timely motion to dismiss (ECF No. 12) and Answer (ECF No. 13).  The Court scheduled a telephonic Case Management Conference for April 2024.  *See* ECF No. 20.  When parties met telephonically with the Court in April, the Court held a discussion on the motion to dismiss.  *See* Minutes of proceedings 4/17/2024.  After the Court discussed the pending motion with both parties and Plaintiff indicated that she wanted to amend her Complaint, the Court supplied a timeline for Plaintiff to submit an amended complaint.  Plaintiff timely filed her Motion for Leave to file First Amended Complaint (ECF No. 23) which is now pending before the Court.

(4:23-CV-2180)

## II. Legal Standard

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires." As stated by the U.S. Supreme Court:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Brown v. Chapman, 814 F.3d 436, 442-43 (6th Cir. 2016). Under Rule 15(a), the court has discretion in allowing amendments. Robinson v. Mich. Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge."). "Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'" Brown v. Chapman, 814 F.3d 436, 442–43 (6th Cir. 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002)).

## III. Discussion

Plaintiff's proposed amended complaint contains several changes to her Complaint, including explicitly stating her intention to run for reelection and removing her procedural and substantive due process claims. See ECF No. 23-1. Plaintiff argues the Court should exercise its discretion and follow Fed. R. Civ. P. 15's policy of granting leave when justice so requires. ECF No. 23 at PageID #: 277. Defendants argue Plaintiff's proposed amended complaint is futile and the Court should deny her Motion for Leave to Amend her Complaint. ECF No. 24 at PageID #: 325.

Under Fed. R. Civ. P. 15, the Court is required to grant leave freely when justice so requires. The Court discussed with parties the course of amending the Complaint in April.

2

(4:23-CV-2180)

Despite Defendants' position that amendment would be futile, the Court finds that, on its face, Plaintiff's amended pleading is sufficient and justice requires granting the Motion for Leave to file First Amended Complaint (ECF No. 23).  The Court instructs the Clerk's office to docket ECF No. 23-1 as Plaintiff's First Amended Complaint.  Defendants will have 21 days, until August 21, 2024, to file a responsive pleading.[1]

Upon the Clerk's office filing the First Amended Complaint, Defendants' pending Motion to Dismiss (ECF No. 12) will predate the First Amended Complaint, which will supersede the Complaint (ECF No. 1) to which the motion is directed.  See *Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"); *see also Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (stating that a prior "complaint is a nullity, because an amended complaint [supersedes] all prior complaints").  Because Plaintiff's Motion for Leave to file First Amend Complaint (ECF No. 23) is granted, Defendants' Motion to Dismiss (ECF No. 12) is denied without prejudice, as it is moot due to the anticipated filing of the First Amended Complaint.  See *Calvert v. GNC Corp.*, No. 4:13CV1697 (N.D. Ohio Oct. 30, 2013) (Pearson, J.).

**IV.**

---

[1] Defendants are required to file a responsive pleading (*i.e.* answer, motion to dismiss, etc.).  If Defendants elect to file a motion to dismiss in response to the Amended Complaint, the Court advises Defendants to articulate *all* arguments they want the Court to consider.  Defendants shall not rely on the incorporation of previous filings, including their Opposition to Motion for Leave (ECF No. 24).

3

(4:23-CV-2180)

## V. Conclusion

Accordingly, the Court grants Plaintiff's Motion for Leave to file First Amended Complaint (ECF No. 23). Defendants' Motion to Dismiss (ECF No. 12) is denied as moot.

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2024 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |