IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER BRUNNER,** | : |
| *Plaintiff,* | : |
| | : Case No. 4:23-CV-2180 |
| v. | : |
| | : JUDGE BENITA Y. PEARSON |
| **FRANK LAROSE, et al.,** | : |
| *Defendants*, | : |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS DISCIPLINARY COUNSEL JOE CALIGIURI, DIRECTOR RICK DOVE OF THE BOARD OF PROFESSIONAL CONDUCT, AND JUDGE JOHN WILLAMOWSKI, CHIEF JUSTICE OF THE OHIO COURTS OF APPEALS**

Under Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Disciplinary Counsel Joe Caligiuri, Director Richard Dove of the Board of Professional Conduct, and Judge John Willamowski, Chief Justice of the Ohio Courts of Appeals, move for judgment on the pleadings. A memorandum in support follows.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
STEPHEN TABATOWSKI (0099175)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov

*Counsel for Defendants*

## INTRODUCTION

Plaintiff Jennifer Brunner, a current justice on the Supreme Court of Ohio, does not wish to have her party affiliation listed next to her name on the next general election ballot. Senate Bill 80, an Ohio law enacted in 2021, requires all candidates for chief justice and justice of the Supreme Court, as well as appellate judges, to appear on the ballot with a party designation. Understandably, Justice Brunner therefore brought this constitutional challenge to the partisan-designation law against Secretary LaRose, the official charged with enforcing such election-administration laws.

Less understandably, Justice Brunner included cursory allegations relating to Ohio's Code of Judicial Conduct in her partisan-designation lawsuit. Without identifying any specific provisions, Justice Brunner alleges that the Code generally restricts her speech. These allegations appear to be included solely to support her ultimate request for relief: she *either* wants to invalidate the partisan-designation law *or* run without the judicial-campaign restrictions imposed by the Code of Judicial Conduct. So, her amended complaint alleges that the Code of Judicial Conduct violates the First Amendment and includes Ohio Disciplinary Counsel Joe Caligiuri, Director Rick Dove of the Board of Professional Conduct, and Judge John Willamowski, Chief Justice of the Courts of Appeals of Ohio[1] (collectively, the Judicial Defendants) as defendants.

Justice Brunner's vague, non-specific allegations against the Code of Judicial Conduct do not satisfy federal pleading standards. Her claims against the Code of Judicial Conduct—and the Judicial Defendants charged with enforcing it—fail as a matter of law. The pleadings having closed, the Judicial Defendants therefore seek a motion for judgment on the pleadings dismissing all claims against the Code of Judicial Conduct and dismissing them as defendants.

---

[1] The Chief Justice of the Ohio Courts of Appeals is alternatively known as the Chief Judge of the Ohio Courts of Appeals Judges Association.

1

## BACKGROUND

Plaintiff Jennifer Brunner ran for justice of the Supreme Court of Ohio in 2020 and won. Am. Compl. ¶¶ 29-30, Doc. 30 at PageID 378. In 2020, general elections for all judicial positions in Ohio were nonpartisan. That is, judicial candidates were listed on the general election ballot without party affiliation. In 2021, the General Assembly enacted S.B. 80, which partially eliminated nonpartisan judicial general elections in Ohio. Specifically, the bill excluded from the definition of "nonpartisan candidates" the offices of chief justice of the Supreme Court of Ohio, justice of the Supreme Court of Ohio, and appellate court judge. Am. Compl. ¶ 22, Doc. 30 at PageID 376; *see also* Ohio Rev. Code § 3501.01(J). The result is that races for these positions are partisan and candidates' party affiliations are listed on the general election ballot. Ohio Rev. Code § 3505.03(F). Elections for common pleas courts, municipal courts, and county courts remain nonpartisan. Ohio Rev. Code § 3505.04. After S.B. 80's enactment, Justice Brunner ran for chief justice of the Supreme Court of Ohio in 2022 and lost. Am. Compl. ¶ 25, Doc. 30 at PageID 377.

In her 2020 and 2022 campaigns, Justice Brunner, like all judicial candidates, had to comply with Ohio's Code of Judicial Conduct. Am. Compl. ¶ 39, Doc. 30 at PageID 380; Jud. Cond. Rule Application ("This code applies to all fulltime judges. . . . Canon 4 applies to judicial candidates."). The Code of Judicial Conduct establishes standards for the "ethical conduct of judges and judicial candidates." Jud. Cond. Rule Preamble. Included among these standards is Canon 4, which prohibits a judge or judicial candidate from "engag[ing] in political or campaign activity that is inconsistent with the independence, integrity, or impartiality of the judiciary." Jud. Cond. Rule 4. Six subparts expand upon this general rule, prohibiting certain types of campaigning, fundraising, and political speech in a judicial campaign. *See generally* Jud. Cond. Rule 4.1-4.6. Judges and judicial candidates are subject to discipline for violations of Canon 4. The Rules for

2

the Government of the Judiciary set forth the relevant disciplinary procedures. *See generally* Gov. Jud. R. II.[2]

The Supreme Court of Ohio adopts rules for the conduct of attorneys and judges in Ohio. Ohio Const. art. IV, § 5(B). The Court did not amend the Code of Judicial Conduct in response to S.B. 80's enactment. As a result, partisan candidates for chief justice of the Supreme Court of Ohio, justice of the Supreme Court of Ohio, and appellate judge must continue to comply with Canon 4 of the Code of Judicial Conduct, including its prohibitions on certain types of campaigning, fundraising, and political speech. And violations of Canon 4 continue to be subject to the disciplinary procedures set forth in Rule II of the Rules for the Government of the Judiciary.

Justice Brunner alleges that she will run for another term as justice of the Supreme Court of Ohio. Am. Compl. ¶ 37, Doc. 30 at PageID 380. She claims that S.B. 80 and the Code of Judicial Conduct violate her constitutional rights. As a remedy she seeks to avoid enforcement of either S.B. 80 or the Code of Judicial Conduct in her upcoming campaign. Am. Compl. at ¶ 60, Doc. 30 at PageID 384-87. Her amended complaint names Ohio Secretary of State Frank LaRose, Disciplinary Counsel Joe Caligiuri, Director Rick Dove of the Board of Professional Conduct, and Judge John Willamowski, Chief Justice of the Ohio Courts of Appeals, as defendants.

The Judicial Defendants move for judgment on the pleadings for two independent reasons. First, all claims against Disciplinary Counsel Caligiuri and Director Dove are barred by the Eleventh Amendment. Second, Justice Brunner's amended complaint fails to state any claim against the Code of Judicial Conduct upon which relief can be granted. Because the Judicial

---

[2] Available at https://www.supremecourt.ohio.gov/docs/LegalResources/Rules/government/GOVJUD.pdf (last accessed Sept. 11, 2024).

3

Defendants have no connection to S.B 80 or its enforcement, dismissal of the claims against the Code of Judicial Conduct resolves all claims against the Judicial Defendants.

## LAW AND ARGUMENT

**I.      The Eleventh Amendment prevents Justice Brunner from maintaining the claims in her amended complaint against the Judicial Defendants.**

Plaintiff's amended complaint includes two substantive causes of action: (1) a claim under 42 U.S.C. § 1983 alleging that S.B. 80, in conjunction with the provisions of the Code of Judicial Conduct regulating communications by judges and judicial candidates, violates the First Amendment, and (2) a claim under § 1983 alleging that S.B. 80 violates the Equal Protection Clause. The Eleventh Amendment bars the claim under the Equal Protection Clause against any of the Judicial Defendants. And the Eleventh Amendment prevents Plaintiff from asserting the First Amendment claim against Defendants Caligiuri or Dove.

The Eleventh Amendment acts as a jurisdictional bar to "all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotations omitted). But the *Ex parte Young* exception applies to "claims for injunctive relief against individual state officials in their official capacities." *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002). "In order to qualify under *Ex parte Young*, such an action must seek prospective relief to end a continuing violation of federal law." *Id.* (citing *MacDonald v. Vill. Of Northport, Mich.*, 164 F.3d 964, 970-72 (6th Cir. 1999)).

To claim the *Ex parte Young* exception, a plaintiff must plead facts showing that "the defendant-state officials [] have 'some connection' to that ongoing violation." *Saqr v. Univ. of Cincinnati*, No. 1:18-cv-542, 2020 U.S. Dist. LEXIS 163394, at *20 (S.D. Ohio Sept. 8, 2020) (citing *Ex parte Young*, 209 U.S. at 157-59). In other words, "[a] plaintiff must allege facts showing how a state official is connected to, or has responsibility for, the alleged constitutional violations."

4

*Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013) (citing *Floyd v. County. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012)). Courts have found that this requirement is closely related to Article III standing requirements—injury-in-fact, causation, and redressability. *Saqr*, 2020 U.S. Dist. LEXIS 163394 at *22 (citing *Dig. Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 957 (8th Cir. 2015), and *Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013)). "Consistent with that notion, showing 'connection' under *Ex parte Young* requires plaintiffs to allege facts showing both (1) that the state official played some role in causing the ongoing harm of which plaintiff complains (or that there is a reasonable prospect that the official will cause imminent future harm to the plaintiff), and (2) that an injunction against that official will be likely to provide redress." *Id.*

Applying these principles here, Justice Brunner has not overcome the Eleventh Amendment immunity of the Judicial Defendants. The Eleventh Amendment plainly bars the equal protection claim against all the Judicial Defendants. They do not have—and Plaintiff does not allege that they have—any enforcement authority over S.B. 80. Plaintiff alleges that Secretary LaRose is ultimately responsible for the form of Ohio's ballots. Am. Compl. ¶ 7, Doc. 30 at PageID 372. Accordingly, Plaintiff seeks to enjoin Secretary LaRose from enforcing S.B. 80 against her. *Id.* ¶ 60.3, Doc. 30 at PageID 386. For the same reason, the Eleventh Amendment bars any First Amendment claim against S.B. 80 from being asserted against any of the Judicial Defendants.

As for the First Amendment claim against the Code of Judicial Conduct, the amended complaint fails to allege that Defendants Caligiuri or Dove may enforce the Code's relevant provisions. Allegations of misconduct by judicial candidates are governed by Rule II of the Rules for the Government of the Judiciary of Ohio. *See generally* Ohio Gov. Jud. R. II. Generally, the Board of Professional Conduct receives evidence, makes findings, and submits recommendations

5

to the Supreme Court of Ohio "concerning complaints of misconduct that are alleged to have been committed by a . . . candidate for judicial office." Ohio Gov. Jud. R.II(1). Similarly, Disciplinary Counsel typically has authority to investigate grievances and prosecute formal complaints before the Board when a grievance alleges "misconduct of a . . . candidate for judicial office." Ohio Gov. Jud. R.II(2). But these general rules are modified by Section 6, which applies to grievances alleging violations of Canon 4 of the Code of Judicial Conduct during a judicial campaign for the Supreme Court of Ohio. Ohio Gov. Jud. R. II(6) ("A grievance that alleges a violation by a judicial candidate for the Supreme Court of Canon 4 of the Code of Judicial Conduct during the course of a campaign for judicial office shall be brought, conducted, and disposed of in accordance with this section."). As set forth above, Canon 4 prohibits a judge or judicial candidate from "engag[ing] in political or campaign activity that is inconsistent with the independence, integrity, or impartiality of the judiciary." Jud. Cond. Rule 4.

Under the Section 6 process, grievances alleging Canon 4 violations "shall be filed with the director of the Board of Professional Conduct." Ohio Gov. Jud. R. II(6)(A)(1). The director "shall promptly forward the grievance . . . to the Chief Justice of the Court of Appeals." *Id.* The Chief Justice of the Court of Appeals reviews the grievance. From there, the grievance proceeds to a three-member review panel for a probable-cause determination, Ohio Gov. Jud. R. II(6)(A)(2), a hearing panel, Ohio Gov. Jud. R. II(6)(B), and finally, a five-judge commission to review the hearing panel's report and recommendation. Ohio Gov. Jud. R. II(6)(C). The review panel, hearing panel, and five-judge commission are all comprised of Ohio trial and appellate judges.

Neither Disciplinary Counsel nor the Director of the Board of Professional Conduct play any role in enforcing Canon 4's campaign-related conduct rules against candidates for justice or chief justice of the Supreme Court of Ohio. In Canon 4 proceedings, the role of relator/prosecutor

6

(which is usually Disciplinary Counsel in other disciplinary proceedings) is played by the grievant. And if the grievant fails to prosecute the complaint, the Chief Justice of the Court of Appeals appoints a "special disciplinary counsel" to serve as the relator. Ohio Gov. Jud. R. II(6)(E). A "special disciplinary counsel" "shall not be an employee or appointee of the Supreme Court," which affirmatively excludes the Ohio Disciplinary Counsel from participating. Ohio Gov. Jud. R. II(4)(B)(3).

Admittedly, the Director of the Board of Professional Conduct possesses some clerical and ministerial duties in Canon 4 proceedings, including receiving the grievance, forwarding it to the Chief Justice of the Court of Appeals, and serving as the clerk for the Chief Justice of the Court of Appeals. *See, e.g.*, Ohio Gov. Jud. R. II(6)(A)(3) (noting that the Director of the Board of Professional Conduct prepares a formal complaint, based solely on instructions provided by a probable cause panel, and serves it upon respondent); II(6)(F) (making the director of the Board of Professional Conduct the clerk of the Chief Justice of the Court of Appeals). But these ministerial duties do not equate to enforcement authority. The Director does not have the authority to find probable cause that a candidate for supreme court justice violated Canon 4. *See* Gov. Jud. R. II(6)(A)(1)-(3) (giving the probable cause panel drawn by lot by the Chief Justice of the Ohio Courts of Appeals the authority to find probable cause). Nor does he have authority to prosecute a complaint alleging violations of Canon 4 or issue a final determination that a candidate for supreme court justice violated Canon 4. *See* Gov. Jud. R. II(6)(B)-(C). He may only receive, docket, and serve filings.

Here, Justice Brunner's amended complaint clarifies that any judicial-conduct proceedings against her would fall under Section 6 of the Rules for the Government of the Judiciary. In her amended complaint, Justice Brunner specifically challenges just one provision of the Code of

7

Judicial Conduct: Rule 4.1(A)(6), which is part of Canon 4. Am. Compl. ¶ 49, Doc. 30 at PageID 383. Justice Brunner intends to run for reelection as justice of the Supreme Court of Ohio. *Id*. ¶ 37, Doc. 30 at PageID 380. Together, these allegations show that any enforcement would proceed under Section 6 of the Rules for the Government of the Judiciary. And neither Defendant Caligiuri nor Defendant Dove would play any role in enforcing Rule 4.1(A)(6) of the Code of Judicial Conduct against Plaintiff in an enforcement proceeding. Thus, an injunction against either Defendant Caligiuri or Defendant Dove would not redress Justice Brunner's injury. *See Saqr*, 2020 U.S. Dist. LEXIS 163394, at *26 ("To take advantage of *Ex parte Young*, 'the official against whom suit is brought must have the authority to perform the act sought by prospective relief.'") (quoting *Ling v. Univ. of Tenn.*, No. 04-2484, 2005 U.S. Dist. LEXIS 51004, 2005 WL 8156688, at *2 (W.D. Tenn. Jan. 4, 2005)). Because Justice Brunner has not sufficiently alleged *Ex parte Young* claims against them, Defendant Caligiuri and Defendant Dove are entitled to Eleventh Amendment immunity.[3]

Accordingly, after applying the Eleventh Amendment to the claims against the Judicial Defendants, only the First Amendment claim against Judge Willamowski survives. And for the reasons set forth below, that claim fails as a matter of law.

---

[3] While Justice Brunner alleges that she seeks to *either* enjoin LaRose from enforcing S.B. 80's partisan-designation requirements, *or* to enjoin the Judicial Defendants from enforcing parts of the Code, Am. Compl. ¶ 3, Doc. 30 at PageID 371, it is unclear from her causes of action whether she is asserting a claim against Secretary LaRose related to the Code of Judicial Conduct. *See id.* ¶ 47-60, Doc. 30 at PageID 383-87 (group-pleading allegations in Counts I through III against all "Defendants"). To the extent she does, she also fails to allege an *Ex parte Young* claim against Secretary LaRose as it relates to the challenged provisions of the Code of Judicial Conduct because Secretary LaRose lacks any connection to or authority over the Code of Judicial Conduct. Accordingly, Secretary LaRose is entitled to immunity as to that claim for the same reasoning as applied to the other Defendants.

**II.    The amended complaint's First Amendment claim against the Code of Judicial Conduct fails to satisfy Rule 8.**

To the extent that Justice Brunner seeks to assert a First Amendment claim against any portion of the Code of Judicial Conduct other than Rule 4.1(A)(6), that claim does not meet federal pleading standards and must be dismissed.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendants fair notice of what the claim is and the grounds upon which it rests." *Milam v. Brown*, No. 21-6035, 2022 U.S. App. LEXIS 14892, at *4 (6th Cir. 2022) (cleaned up). Rule 8 proscribes "obfuscation of the plaintiff's claims." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). "The district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Id.* (quotation marks omitted). If the factual allegations in a complaint "lack the detail necessary to allow the defendants to make out a viable cause of action under any legal theory," dismissal is warranted. *Milam*, 2022 U.S. App. LEXIS 14892, at *3-4.; *see also Alvey v. W. Ky. Univ.*, No. 21-5385, 2021 U.S. App. LEXIS 35404, at *4-5 (6th Cir. 2021) (dismissing complaint that "mentioned various crimes and torts, but failed to allege sufficient facts to make out a viable cause of action under any legal theory"). A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion for judgment on the pleadings. *Whiting v. City of Athens*, 699 F. Supp. 3d 652, 657 (E.D. Tenn. 2023).

Here, Plaintiff claims that "S.B. 80, in conjunction with the provisions of the Code of Judicial Conduct regulating communications by judges and judicial candidates (including but not limited to, Rule 4.1(A)(6)), is unconstitutional as applied to Plaintiff." Am. Compl. ¶ 49, Doc. 30 at PageID 383. That Plaintiff intends to challenge Rule 4.1(A)(6) of the Code of Judicial Conduct

9

is clear. Whether Plaintiff intends to challenge other, unnamed provisions of the Code of Judicial Conduct is not. Plaintiff apparently seeks to preserve the possibility of such claims by noting that her First Amendment claim is "not limited to" Rule 4.1(A)(6).

To the extent that the amended complaint includes any claim against any portion of the Code of Judicial Conduct other than Rule 4.1(A)(6), that claim does not comply with federal pleading standards. The amended complaint does not specify any other judicial-conduct rule that allegedly violates the First Amendment—or indeed any other constitutional provision—but suggests that such rules exist. *See, e.g.*, Am. Compl. ¶¶ 38, 39, 43, 45, 46, Doc. 30 at PageID 380-83. This is an impermissible "obfuscation" of Plaintiff's claims against the Code of Judicial Conduct. *Kensu*, 5 F.4th at 651. The Judicial Defendants are entitled to fair notice of any claims against the Code of Judicial Conduct and the grounds upon which they rest. The Judicial Defendants cannot prepare a defense of the Code if they do not even know which portions they are defending.

Accordingly, with the exception of the claim against Rule 4.1(A)(6), the Court should dismiss Plaintiff's claims against the Code of Judicial Conduct for failure to comply with Rule 8.

**III.    Rule 4.1(A)(6) of the Code of Judicial Conduct does not violate the First Amendment alone or in conjunction with S.B. 80.**

The only claim against the Judicial Defendants is therefore Plaintiff's claim that Rule 4.1(A)(6) of the Code of Judicial Conduct violates the First Amendment. This claim fails as a matter of law.

To survive a Rule 12(c) motion, the "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible, i.e., more than merely possible." *Edwards v. Rougeau*, 736 F. App'x 135, 137 (6th Cir. 2018) (quotation marks omitted). A plausible

10

claim includes enough factual content such that the court may reasonably infer that the defendant is liable for the misconduct alleged. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Factual allegations must be accepted as true, but legal conclusions need not be. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).

Plaintiff alleges that S.B. 80 "is facially unconstitutional as an unreasonable and/or discriminatory measure regulating access to the ballot and the conduct of elections." Am. Compl. ¶ 49, Doc. 30 at PageID 383. As an alternative to this theory, Plaintiff alleges that S.B. 80 and Rule 4.1(A)(6) of the Code of Judicial Conduct together are unconstitutional as applied to her because their "combined effect operates to compel Plaintiff's speech, serves as a content-based regulation of speech, and is an unreasonable and/or discriminatory regulation of ballot access and the electoral process." Am. Compl. at ¶ 49, Doc. 30 at PageID 383. Whether alone or in conjunction with S.B. 80, Rule 4.1(A)(6) does not violate the First Amendment under any of the theories—compelled speech, content-based restriction, or ballot access—named in the amended complaint.

We begin with Rule 4.1(A)(6)'s text: A judge or judicial candidate shall not "[i]n connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office." Jud. Cond. R. 4.1(A)(6).

First, Rule 4.1(A)(6) does not compel Plaintiff's speech. The First Amendment generally prohibits "compelling an individual to utter what is not in her mind." *Parents Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, 109 F.4th 453, 465 (6th Cir. 2024). To make out a violation of the First Amendment right against compelled speech, "actual compulsion" is required. *Id*. at 466 (quoting *Wilkins v. Daniels*, 744 F.3d 409, 415 (6th Cir. 2014). If a law offers options

11

to act in a way that does not violate the plaintiffs' conscience, her "conduct has not been compelled—even if the options do not present" a welcome choice. *Id*. (finding no compelled-speech violation when students could choose to use classmates' names in lieu of classmates' preferred pronouns).

Simply put, nothing in Rule 4.1(A)(6) compels Justice Brunner's speech. It is patent from its text that the rule, standing alone, compels no speech whatsoever. Nor does Justice Brunner's effort to combine Rule 4.1(A)(6) with S.B. 80 change the calculus. Neither "requires" her "to be identified as a Democrat on the general election ballot . . . ." Am. Compl. ¶ 44, Doc. No. 30 at PageID 381. Justice Brunner need not affiliate with any political party to run for office; she has a choice to affiliate with any party or none. Ohio Rev. Code § 3505.03(F) (noting that candidates can be listed on the ballot with a political party, as a "nonparty candidate," as an "other-party candidate," or without any designation[4]); Ohio Rev. Code § 3513.257 (establishing process for independent candidates to run for office). And nothing forces Justice Brunner to "reinforce or dispel commonly held beliefs about what being a Democrat or Republican means to the public" or to "speak about issues that as a judicial officer and a judicial candidate, she does not want to speak about." *Id.* ¶ 44-45, Doc. 30 at PageID 381-82. Tellingly, Plaintiff pleads no facts showing how S.B. 80 and Rule 4.1(A)(6), alone or in combination, force her to echo beliefs about what being a Democrat means. The only relevant fact in her amended complaint is that S.B. 80 includes her party designation on the ballot. Because party designation is a candidate choice—one that Justice

---

[4] To be listed on the ballot without a party designation, a candidate must have filed a nominating petition as an independent candidate under Ohio Rev. Code 3513.257. Candidates nominated at a primary election are listed with "the name of the political party by which the candidate was nominated or certified." Ohio Rev. Code § 3505.03(F). Stated differently, a candidate nominated or certified by a political party cannot choose to go without a party designation on the ballot; only independent candidates may do so.

12

Brunner repeatedly made in running in Democratic primary elections—it is not compelled speech. *Parents Defending*, 109 F.4th at 466. Any as-applied, compelled-speech claim against Rule 4.1(A)(6) necessarily fails as a result.

Second, Justice Brunner pleads no facts showing that Rule 4.1(A)(6) does not survive constitutional scrutiny as a content-based restriction on speech. Indeed, Plaintiff fails even to plead the applicable level of scrutiny or the requisite level of tailoring. But let us assume, for purposes of this motion, that Justice Brunner pleaded that Rule 4.1(A)(6) is a content-based restriction on speech and strict scrutiny therefore applies to it. *See, e.g.*, *Carey v. Wolnitzek*, 614 F.3d 189, 198-99 (6th Cir. 2010) (noting that Kentucky canon preventing judicial candidates from speaking about issues likely to come before the court was a content-based restriction on speech). Her amended complaint still includes no factual content showing that Rule 4.1(A)(6) is not narrowly tailored to advance a compelling State interest and therefore fails to pass constitutional muster.

The Sixth Circuit's treatment of a Kentucky judicial canon shows exactly why. Rule 4.1(A)(6) is identically worded to a Kentucky canon scrutinized by the Sixth Circuit. *Winter v. Wolnitzek*, 834 F.3d 681, 694-95 (6th Cir. 2016). There, the Sixth Circuit acknowledged that Kentucky could "prohibit judges from making commitments to decide specific cases in a certain way." *Id*. at 694. But it also found that the canon was susceptible to multiple readings, some of which would proscribe constitutionally protected speech. *Id*. Specifically, the plaintiffs pointed to the canon's restriction of "issue-based commitment[s] that [are] 'inconsistent with the impartial performance of the adjudicative duties of judicial office.'" *Id*. at 695. The court looked to the canon's commentary and definitions for limiting principles. *See id.* Ultimately, the court remanded the case to the district court to allow Kentucky to further refine the rule's commentary and

13

definitions to ensure that the canon was narrowly tailored to advance the Commonwealth's interests. *Id*.

Justice Brunner's complaint contains none of this detail. She does not point to any statement she wishes to make that Rule 4.1(A)(6) would prohibit. She does not identify any portion of Rule 4.1(A)(6) that prohibits protected speech or could be construed to do so. She does not mention—let alone contend with—the rule's commentary, which provides important limiting principles. For example, the commentary establishes that a judge's campaign statement "must be examined" in its totality "to determine if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result." Jud. Cond. R. 4.1(A)(6) cmt. 10. The amended complaint is devoid of any factual allegations that Rule 4.1(A)(6) does not withstand constitutional review.

"Combining" Rule 4.1(A)(6) with S.B. 80 does not transform this barebones claim into a legally cognizable one. S.B. 80 is not a content-based restriction. It makes no distinctions based upon message. Instead, the law draws distinctions based upon the office sought—and then applies to all candidates seeking election to those offices across the board, without regard for any particularized message. Accordingly, any as-applied claim asserting S.B. 80 is a content-based law, either alone or in combination with Rule 4.1(A)(6), fails as well. *See Ohio Council 8 Am. Fed'n of State, Cty. & Mun. Emps. v. Husted*, 814 F.3d 329, 338 (6th Cir. 2016) (prohibiting their party affiliation from appearing on ballots "merely limits the forums in which judicial candidates may express themselves" and is not content-based).

Third, Rule 4.1(A)(6) is not an unreasonable or discriminatory ballot-access regulation. It is not a ballot-access regulation at all. Courts use a sliding-scale framework to "assess election-related ballot-access and freedom-of-association claims." *Kowall v. Benson*, 18 F.4th 542, 546 (6th

Cir. 2021). This framework is limited to challenges to state *election* law and does not apply outside that context, even when the challenged law has some nexus to elected office. *Id*. (applying rational basis review to term-limit statute). Here, Rule 4.1(A)(6) is not a ballot-access law. It does not regulate access to ballots or the ability to vote.

Plaintiff's First Amendment challenge to Rule 4.1(A)(6) of the Code of Judicial Conduct fails as a matter of law under any First Amendment framework.

### IV.     The claim for declaratory relief against the Code of Judicial Conduct fails.

Count III of Justice Brunner's amended complaints seek declaratory relief. But as set forth above, Justice Brunner fails to state a claim that the Code of Judicial Conduct violates any constitutional provision, so her accompanying claim for declaratory judgment fails, too. *Ohio ex rel. Desmond v. City of Lyndhurst*, No. 1:05-cv-1108, 2005 U.S. Dist. LEXIS 57319, at *16-17 (N.D. Ohio Jan. 6, 2006) (dismissing declaratory judgment claim when the accompanying substantive claims were all dismissed).

### CONCLUSION

For these reasons, the Judicial Defendants request that this Court grant their motion for judgment on the pleadings. All claims against the Judicial Defendants and the Code of Judicial Conduct should be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
*Counsel of Record*
MICHAEL A. WALTON (0092201)
STEPHEN TABATOWSKI (0099175)
Assistant Attorneys General
Constitutional Offices Section

15

30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendants*

16

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, the foregoing Motion to Dismiss was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General

**CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Ohio Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to a track. This memorandum complies with the page limitations for unassigned cases. I further certify that Michael Walton requested that Plaintiff dismiss the Judicial Defendants via email to Plaintiff's counsel on September 6, 2024. Plaintiff's counsel did not agree to dismiss the Judicial Defendants.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General