# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JENNIFER BRUNNER,** | : |
| *Plaintiff*, | : |
| | : |
| v. | : Case No. 4:23-CV-2180 |
| | : |
| **FRANK LAROSE, et al.,** | : JUDGE BENITA Y. PEARSON |
| | : |
| *Defendants*, | : |

## REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Joseph Caligiuri, Rick Dove, and Judge John Willamowski (the Judicial Defendants) have no connection to the real object of Plaintiff Jennifer Brunner's lawsuit: the invalidation of the partisan-designation law enacted in S.B. 80. Justice Brunner's amended complaint developed First Amendment and equal protection challenges to that law. But she also included vague, ill-defined allegations against the Code of Judicial Conduct and the Judicial Defendants, the state officials she claims will enforce the Code against her. Her opposition to the Judicial Defendants' motion for judgment on the pleadings does nothing to save those claims from their multiple fatal defects. Justice Brunner failed to include sufficient factual allegations against the Code of Judicial Conduct to state a claim for relief under the First Amendment.[1] She failed to plead with sufficient clarity the portions of the Code she challenges. And she failed to overcome

---

[1] Justice Brunner's amended complaint does not assert any equal protection claim against the Judicial Defendants or the Code of Judicial Conduct. Am. Compl., Doc. 30, PageID #383-84. And she does not dispute the Judicial Defendants' argument that the Eleventh Amendment would bar any such claim against them.

i

the Eleventh Amendment immunity of Defendants Caligiuri and Dove, who cannot enforce the Code against her in her capacity as a candidate for justice of the Supreme Court of Ohio.

Justice Brunner's opposition leaves these defects unremedied. Although she attempts to articulate an *Ex parte Young* claim against Defendants Caligiuri and Dove in her opposition, she does so by invoking her capacity as a sitting justice of the Supreme Court of Ohio. But her complaint only asserts claims arising from her status as a judicial *candidate*. That makes sense because she can only assert a claim as a sitting justice if she is represented by the Ohio Attorney General, which she is not. And as to the merits, Justice Brunner's opposition only highlights her real target in this lawsuit—the partisan-designation law, not the Code of Judicial Conduct. She offers many reasons why she believes S.B. 80's partisan-designation requirement is unconstitutional; yet, little of that reasoning applies to the Code of Judicial Conduct. Ultimately, her claims against the Code of Judicial Conduct and the Judicial Defendants fail, and those claims should be dismissed.

I.   **The Eleventh Amendment bars Justice Brunner's claims against Defendants Dove and Caligiuri.**

The Eleventh Amendment bars Justice Brunner's claims against Defendants Dove and Caligiuri, and her attempts to amend her amended complaint through her memorandum in opposition do not tip the scale. Specifically, her arguments suffer two flaws. First, Justice Brunner now tries to avail herself of *Ex parte Young* by arguing that she can bring her claims in her capacity as a current justice of the Supreme Court of Ohio. But she did not allege any such claims in her amended complaint. Rightly so, because only the Ohio Attorney General can represent a state official in a legal proceeding. Second, Defendants Dove and Caligiuri simply possess no enforcement authority over the provisions that apply to Justice Brunner as a judicial candidate for justice of the Supreme Court of Ohio.

**A. Justice Brunner may only bring her action in her capacity as a candidate for justice of the Supreme Court of Ohio.**

Justice Brunner may only bring her challenge in her capacity as a candidate for justice of the Supreme Court of Ohio. Indeed, her Article III standing theory relies on her status as a judicial candidate. She initially failed to allege an intent to run for a seat on the Supreme Court of Ohio, *see generally* Compl., Doc. 1, but the Court permitted Justice Brunner to amend her complaint to do so. Her amended complaint confirms that she intends to run for a seat on the Supreme Court of Ohio and sues in her capacity as such a candidate. *See* Am. Compl., Doc. 30, PageID #380-81, ¶ 36-40.

Because Justice Brunner brings this lawsuit in her capacity as a candidate for the Supreme Court of Ohio, the Eleventh Amendment bars her claims against Defendants Dove and Caligiuri. Motion for Judgment on the Pleadings, Doc. 32, PageID #421-25. In a failed attempt to argue her way into the narrow *Ex parte Young* exception to Eleventh Amendment immunity, Justice Brunner now claims that Defendants Dove and Caligiuri possess sufficient enforcement authority over violations of the Code of Judicial Conduct committed by a *sitting* justice of the Supreme Court of Ohio generally. *See* Memorandum in Opposition, Doc. 35, PageID #449-50. But her current legal counsel has no authority to file claims on Justice Brunner's behalf in her official capacity as a sitting justice. That authority lies *exclusively* with the Ohio Attorney General's Office. Ohio Rev. Code § 109.02 ("The attorney general is the chief law officer for the state and all its departments[,]" and "no state officer or board, or head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law."); *see also Collins v. DeWine*, No. 23-CV-6611 (Franklin C.P. Sept. 29, 2023).

When a state official hires his or her own private legal counsel to bring an action in his or her official capacity, the correct procedure is to substitute private legal counsel with the Attorney

General. *See generally Collins*. For example, in *Collins*, multiple individual members of the Ohio State Board of Education retained private counsel to prevent various provisions of the state's biennium budget bill from going into effect. *See* Sept. 29, 2023 Judgment Entry at 1-2, *Collins*, No. 23-CV-6611, attached hereto as Exhibit A. The Attorney General's Office moved to substitute as legal counsel to the extent that the members brought their claims in their official capacity. *Id.* The Franklin County Court of Common Pleas granted the motion, citing the clear and unambiguous language of Ohio Rev. Code § 109.02. *Id.* at 3. To the extent that Justice Brunner now asserts claims in her capacity as a sitting justice, only the Attorney General's Office can represent her. Moreover, because the Attorney General's Office did not agree to bring any challenges to S.B. 80 or the Ohio Code of Judicial Conduct on Justice Brunner's behalf, any such claims should be dismissed.

In short, with her current legal representation, Justice Brunner *cannot* bring any claims in her capacity as a sitting justice of the Supreme Court of Ohio. Accordingly, her reliance on the general disciplinary proceedings for judges and justices proves fruitless. In other words, it is simply not relevant that Defendants Dove and Caligiuri have enforcement authority over the provisions of the Ohio Code of Judicial Conduct that apply to sitting justices. *See* Memorandum in Opposition, Doc. 35, PageID #449-50. Nor does it matter that they have authority over "the general disciplinary process as to lawyers." *See id.* at PageID #450. Those provisions are not at issue here. The only claims that Justice Brunner can assert here are claims brought in her capacity as a candidate for justice of the Supreme Court of Ohio. And as set forth more fully below, Justice Brunner all but admits in her opposition that her amended complaint challenges only Rule 4.1(A)(6) of the Code. Violations of Rule 4.1(A)(6) by judicial candidates fall within the special procedures provided in Section 6 of Rule II of the Rules for the Government of the Judiciary of

Ohio. As explained in greater detail in their motion for judgment on the pleadings, Defendants Dove and Caligiuri lack the enforcement authority under Section 6 that might invoke the *Ex parte Young* exception.

### B. Defendants Dove and Caligiuri lack sufficient enforcement authority to overcome immunity.

When you remove Justice Brunner's irrelevant arguments related to the general disciplinary procedure under the Ohio Code of Judicial Conduct, the only argument she offers is that, under Section 6 of Rule II for the Government of the Judiciary, Defendants Dove and Caligiuri administer the challenged provisions. Memorandum in Opposition, Doc. 35, PageID #447 (citing *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018)). But Justice Brunner's primary authority, *Doe v. DeWine*, is easily distinguished from this case. *Doe* involved a challenge to Ohio's law related to sexual-offender registration. *Id.* at 846-47. The Sixth Circuit held that the Ohio Attorney General and the Superintendent for the Ohio Bureau of Investigation were not entitled to Eleventh Amendment immunity, even though they lacked any direct enforcement authority of the statute. *Id*. at 849. Relying on its previous decision in *Russell v. Lundergan-Grimes*, 784 F.3d 1037 (6th Cir. 2015), the Court reasoned that the Attorney General and Superintendent "promulgate regulations implementing the sex-offender registration requirements; operate the state-wide sex-offender database; and send and structure community notifications that alert citizens to the proximity of registered offenders." *Doe*, 910 F.3d at 849 (citing Ohio Rev. Code § 2950.13 (2014)).

These duties far exceed those of Defendant Dove under Section 6. Under Section 6, as the Director of the Board of Professional Conduct Defendant Dove merely sits as a pseudo-clerk, responsible for things such as handing any grievance to the Chief Justice of the Court of Appeals. These ministerial duties are a far cry from promulgating regulations, operating a state-wide

database, or structuring a state-wide community notification system. Defendant Caligiuri is even further removed—he plays no role in disciplinary proceedings under Section 6 whatsoever. Therefore, even under *Doe*, neither Defendant possesses sufficient enforcement authority to bring Justice Brunner's claim within the realm of *Ex parte Young*.

Accordingly, the Eleventh Amendment bars Justice Brunner's claims against Defendants Dove and Caligiuri.

## II. The amended complaint fails to state any claim against the Code of Judicial Conduct.

In her opposition, Justice Brunner does not argue that her amended complaint includes a First Amendment claim against any portion of the Code of Judicial Conduct other than Rule 4.1(A)(6). She therefore implicitly concedes that no such claim exists under federal pleading rules. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (Rule 8 requires dismissal when plaintiff fails "to plead claims and allegations with *clarity*, because of which the defendants lacked fair notice of his claims and the grounds upon which they rest" (quotation marks omitted)); *see also* Motion for Judgment on the Pleadings, Doc. 32, PageID #426-27. The only claim against the Judicial Defendants is therefore Justice Brunner's claim that Rule 4.1(A)(6) of the Code of Judicial Conduct violates the First Amendment. This claim fails as a matter of law.

Under Rule 4.1(A)(6), a judge or judicial candidate shall not "[i]n connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office." Jud. Cond. R. 4.1(A)(6). Plaintiff clarifies in her opposition that she "does not bring a stand-alone claim that Rule 4.1(A)(6), by itself or in isolation, is unconstitutional." Memorandum in Opposition, Doc. 35, PageID #450. Rather, she alleges that Rule 4.1(A)(6) is unconstitutional when applied in conjunction with S.B. 80's partisan-designation requirement. This theory fails for several reasons.

As an initial matter, S.B. 80, not Rule 4.1(A)(6), is the target of Plaintiff's First Amendment claim. Even a generous reading of her opposition yields little to no argument that Rule 4.1(A)(6)—alone or in combination with S.B. 80—violates her First Amendment rights. Rather, her ire is trained on the partisan-designation rule of S.B. 80, and she spends much of her opposition arguing that the law is unconstitutional. Plaintiff argues that S.B. 80 discriminates across multiple categories: between judicial and non-judicial candidates and between appellate judicial candidates and common-pleas judicial candidates. Memorandum in Opposition, Doc. 35, PageID #451. And Plaintiff contends that S.B. 80 cannot survive the Sixth Circuit's analysis in *Ohio Council 8 Am. Fed'n of State, Cty. & Mun. Emps. v. Husted*, 814 F.3d 329 (6th Cir. 2016). *Id*. at PageID #452.

Simply put, these arguments have nothing to do with the Judicial Defendants or with Rule 4.1(A)(6). Justice Brunner does not allege that the Judicial Defendants enforce S.B. 80 or any other election statute. Nor could she. Because the Secretary of State certifies the official ballot, he bears the responsibility for implementing the partisan-designation rule. *See* Ohio Rev. Code § 3501.05(I) (giving the Secretary of State the authority to certify the form of the ballot and names of candidates for state offices). And whether S.B. 80 discriminates between types of candidates or fails the test articulated in *Ohio Council 8* has nothing to do with Rule 4.1(A)(6) of the Code of Judicial Conduct. Indeed, the Judicial Defendants do not offer any merits defense of S.B. 80 because *they have no role in enforcing it*. Justice Brunner cannot assert a First Amendment claim against the Judicial Defendants by targeting S.B. 80.

Admittedly, Justice Brunner does offer one argument that S.B. 80 and Rule 4.1(A)(6) work together to deny her First Amendment freedoms. Specifically, she contends that the laws' combined effect "operates to tether her to the actual or perceived viewpoints of the political party that nominates her, while simultaneously denying her the ability to speak about how her views

may conflict or differ with her party." Memorandum in Opposition, Doc. 35, PageID #453. This, she says, is compelled speech.

Everyone agrees that the First Amendment generally prohibits "compelling an individual to utter what is not in her mind." *Ward v. Polite*, 667 F.3d 727, 733 (6th Cir. 2012). But "actual compulsion" is required to make out a compelled-speech claim. *Wilkins v. Daniels*, 744 F.3d 409, 415 (6th Cir. 2014). If a law offers options that do not violate the plaintiff's conscience, the law does not compel speech, even if the options are not a welcome choice. *Id*. at 415-16.

Following these principles, there are two independent reasons why Rule 4.1(A)(6) does not compel Plaintiff's speech. First and foremost, neither S.B. 80 nor Rule 4.1(A)(6), alone or in combination, compels any speech. Justice Brunner need not affiliate with a particular political party to run for office; she has a choice to affiliate with any party or none. Ohio Rev. Code § 3505.03(F) (noting that candidates can be listed on the ballot with a political party, as a "nonparty candidate," as an "other-party candidate," or without any designation); Ohio Rev. Code § 3513.257 (establishing process for independent candidates to run for office). Party designation is a *candidate* choice, not an S.B. 80 choice. If running as a Democratic candidate means that Justice Brunner will be "associated with views with which [she] disagree[s]," Memorandum in Opposition, Doc. 35, PageID #454, that result follows from Justice Brunner's decision to seek the Democratic Party's nomination. That is not compelled speech. Neither does Rule 4.1(A)(6) compel any speech. Plaintiff does not even attempt to allege otherwise; in fact, she argues that the rule *denies* her the ability to speak on certain issues.

The partisan-designation law allows Justice Brunner to choose the political party with which she wishes to affiliate or to choose not to affiliate with a political party. It compels no speech. But even if the Court accepts Justice Brunner's argument that the partisan-designation law

somehow compels speech, S.B. 80, not Rule 4.1(A)(6), is the source of the compulsion. Indeed, Justice Brunner's opposition says so explicitly. She argues that S.B. 80 "require[es] Justice Brunner to run for reelection in a fully partisan election, with political affiliation according to her nomination identified next to her name on the ballot." Memorandum in Opposition, Doc. 35 at PageID #453. Meanwhile, Rule 4.1(A)(6), according to Justice Brunner, "den[ies] her the ability to speak about how her views may conflict or differ with her party." *Id*. In Justice Brunner's view, S.B. 80 compels her to associate with particular political positions, while Rule 4.1(A)(6) silences her. Stated differently, Plaintiff's compelled-speech claim against Rule 4.1(A)(6) is a claim against a rule that she argues *denies* her the ability to speak. Rule 4.1(A)(6) is a poor fit for the compelled-speech framework. Indeed, courts have refused to apply the compelled-speech framework to other judicial-conduct rules that regulate, but do not compel, the speech of judicial candidates. *See, e.g.*, *O'Toole v. O'Connor*, No. 2:15-cv-1446, 2016 U.S. Dist. LEXIS 109923, at *32-33 (S.D. Ohio Aug. 18, 2016). The Court should apply the same analysis here and reject Justice Brunner's compelled-speech claim against Rule 4.1(A)(6), alone or in combination with S.B. 80.

Rule 4.1(A)(6) is the only tether between the Judicial Defendants and Justice Brunner's amended complaint. Because the amended complaint includes no cognizable First Amendment claim against Rule 4.1(A)(6), there is no claim against the Judicial Defendants.

## CONCLUSION

For these reasons and for the reasons set forth in their motion for judgment on the pleadings, the Judicial Defendants request that this Court grant their motion. All claims against the Judicial Defendants and the Code of Judicial Conduct should be dismissed.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
*\*Counsel of Record*
MICHAEL A. WALTON (0092201)
STEPHEN TABATOWSKI (0099175)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Michael.Walton@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Ohio Local Civil Rule 7.1(f), I hereby certify that this case has not been assigned to a track. This memorandum complies with the page limitations for unassigned cases.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General