PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BRUNNER, | ) | |
| | ) | CASE NO.  4:23-CV-2180 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRANK LAROSE *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 44 and 45] |

Pending before the Court are two motions:  (1) Joint Motion for Leave to Exceed Page Limitations (ECF No. 44); and (2) Motion of Honorable Mark A. Hanni to Intervene as a Defendant (ECF No. 45).  For the reasons stated herein, both motions are denied.

**I.**

The parties jointly move for a five-page enlargement to the 20-page limitation on dispositive motions, not to exceed 25 pages.  ECF No. 44.  The parties assert that they each need an additional five pages in the memorandum of support of their respective Motions for Summary Judgment to address the changes to the Ohio Code of Judicial Conduct, the Rules for the Government of the Judiciary, and the Rules for the Government of the Bar, in addition to the constitutional challenges and mootness claims at issue.  ECF No. 44 at PageID #: 530.

While the parties' concerns are noted, experience teaches that the need for additional pages is likely to be the product of an unrestrained scribe and not focused in a way most helpful to the Court.  As the Court explained in the Case Management Plan, it strictly enforces provisions regarding length of memoranda filed in support of motions.  *See* LR 7.1(f); ECF No.

(4:23CV2180)

41 at PageID #: 523, ⁋ 20.  Accordingly, the Joint Motion for Leave to Exceed Page Limitations (ECF No. 44) is denied.

## II.

Also pending before the Court is a Motion of Honorable Mark A. Hanni to Intervene as a Defendant under Fed. R. Civ. P. 24(a) and 24(b).  ECF No. 45.  As explained below, the motion is denied as untimely.

Rule 24(a) provides for intervention, as of right, on a timely motion to anyone with an unconditional statutory right or who claims an interest in the transaction "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a). Intervention is permissible under Rule 24(b) if, "[o]n timely motion" an intervener has a conditional statutory right or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  Under either rule, "[i]f a motion is untimely, the court must deny intervention."  *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013) (citing *Mich. Ass'n for Retarded Citizens v. Smtih*, 657 F.2d 102, 105 (6th Cir. 1981)) (holding that an untimely motion dooms a Rule 24(a) motion); *Blount-hill v. Zelman*, 636 F.3d 278, 287–88 (6th Cir. 2011) (same concerning Rule 24(b) motions).

Whether a motion to intervene is timely is within the sound discretion of the Court. *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (citing *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001)).  To determine whether the motion is timely, the Court must balance the following factors:

> (1) the point to which the suit has progressed;
>
> (2) the purpose for which intervention is sought;

2

(4:23CV2180)

> (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his or her interest in the case;
>
> (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and
>
> (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Michigan*, 68 F.4th 1021, 1024–25 (6th Cir. 2023) (citing *Jansen v. City of Cincinnati*, 904 F.2d 336, 350 (6th Cir. 1990)).  Having considered the circumstances of this case, the Court concludes the Motion is untimely.

The Motion was filed as this case reaches the final stages of litigation.  Although Judge Hanni reviewed the Court's docket in the case, he erroneously concluded that no dispositive motion schedule has been set.  ECF No. 45 at PageID #: 535.  In fact, the Court's August 13, 2026 Case Management Conference Order (ECF No. 41), which is clearly posted on the Docket, explicitly required discovery to close on February 27, 2026 (ECF No. 41 at PageID #: 520, ⁋ 10), and dispositive motions to be filed by April 30, 2026 (ECF No. 41 at PageID #: 522, ⁋ 16).  Not only does his Motion come six days before the parties must file their motions for summary judgment, and almost two months after discovery closed, but Judge Hanni acknowledges that he was aware of this case three months ago.  ECF No. 45 at PageID #: 537.  Moreover, the Motion acknowledges that this case has been pending before the Court since November 2023 and in discovery since August 2025.  Permitting intervention at this late stage would cause undue delay and would prejudice the existing parties, who would need to prepare for, consider, and respond to briefings by an intervening party that has, to this point, not participated in any discovery, negotiations, or proceedings.

3

(4:23CV2180)

The asserted purpose for intervention is to present an opposing judicial perspective to Plaintiff's objections to Senate Bill 80.  Recognizing that as a judicial candidate Judge Hanni may have a unique perspective, his intervention appears to seek the opportunity to "express his position," rather than preserve his rights, regarding the party designation requirements for judicial candidates on Ohio ballots.  To the extent this factor weighs in favor of intervention, it is outweighed by the remaining factors.  The motion is denied as untimely.

### III.    CONCLUSION

For the foregoing reasons, the Joint Motion for Leave to Exceed the Page Limitation (ECF No. 44) is denied.  The Motion for Honorable Judge Mark A. Hanni to Intervene as a Defendant (ECF No. 45) is denied as untimely.


IT IS SO ORDERED.


| April 28, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |